## *ABAT* vs. *MICHEL.*

The order given at the beginning of proceedings to obtain a respite, ceases with the granting of it.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The defendant sued on his note of

hand, pleaded that the court has no jurisdiction to take cognizance of the suit, for this; that the defendant on the — day of —, in the last year, filed his schedule before the parish court, praying for a respite, and that the same has been legally granted by three-fourths of his creditors, in sum and number, and the plaintiff made no opposition to the same, although his debt was stated in the schedule— and he pleaded the respite duly homologated in bar.

East'n District.
*May,* 1823.

ABAT
*vs.*
MICHEL.

The judgment of homologation' is not complete, without being signed by the judge.

There was judgment for the plaintiff, and the defendant appealed.

We notice two pleas, one in abatement, the other in bar.   The first is grounded on the assertion that a respite was legally granted to the defendant.   If that be true, (and the defendant cannot complain, if we take his assertion for the truth) the order for staying all proceedings against his person and property, ordinarily granted at the beginning of proceedings to procure a respite, must have ceased with the granting of the respite.

The plea in bar is grounded on the due homologation of these proceedings, which, in the opinion of the defendant, renders the respite granted by the three-fourths of the creditors

VOL. I. (N. S.)          31

ABAT
vs.
MICHEL.

binding on the rest, and among them the plaintiff. The record shows, however, that at the time of the plea, and of the judgment appealed from, no such due homologation had been obtained; the signature of the judge to the judgment of homologation being posterior to the arrival of the record in this court.

The district judge was therefore correct in overruling the plea in abatement, because it contains no allegation that a stay of proceedings had been obtained, and it contains a fact inconsistent with the continuation of such a stay.

The plea in bar was also correctly overruled, because no complete judgment of homologation was shown; none did exist.

We cannot take notice of the effect of the judgment, after the judge's signature was apposed to it, because this is a new question arising on a new fact, and in passing on it we would not review the jugdement of another court, but pronounce an original one.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Morse* for the plaintiff, *Denis* for the defendant.